IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TRACY TAUB,<br>on behalf of plaintiff and others similarly situated,<br><br>              Plaintiff,<br><br>         vs.<br><br>PNC BANK NATIONAL ASSOCIATION,<br>d/b/a CLC CONSUMER SERVICES CO.,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)     2:16-cv-14340<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT – CLASS ACTION**

### **INTRODUCTION**

1. Plaintiff Tracy Taub brings this action to secure redress from unlawful collection practices engaged in by Defendant PNC Bank National Association, doing business as CLC Consumer Services Co.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)

1

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

7.     This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8.     Venue and personal jurisdiction in this District are proper because defendant's communications were received by plaintiff within this District.

## PARTIES

9.     Plaintiff Tracy Taub is an individual who lives in Berkeley, Michigan.

10.    Defendant PNC Bank National Association is a bank with offices at 300 Fifth Avenue, Pittsburgh, PA 15222. It operates a collection unit under the assumed name of CLC Consumer Services Co. (Exhibit A), using the address of 2730 Liberty Avenue, Pittsburgh, PA 15222. .

11.    CLC Consumer Services Co. regularly uses the mails and telephone system to collect debts incurred for personal, family and household purposes, and allegedly owed to others.

12.    PNC Bank National Association d/b/a CLC Consumer Services Co. is a debt collector as defined in the FDCPA.

## FACTS

13.    This action concerns the servicing and collection of a debt consisting of a home equity line of credit incurred for personal, family or household purposes.

14.    The creditor on the line of credit was Comerica Bank, an entity not affiliated with PNC Bank National Association or CLC Consumer Services Co.

15.    In about October 2016, plaintiff, through oversight, made a payment on the line

of credit that was some $17 short.

16. On or about October 14, 2016, plaintiff was sent the letter from CLC Consumer Services Co., attached as Exhibit B. She received it in the course of the mails.

17. Exhibit B was the first letter plaintiff received from CLC Consumer Services Co., concerning the line of credit.

18. On information and belief, Exhibit B was the first letter CLC Consumer Services Co., sent plaintiff concerning the line of credit.

19. On information and belief, Exhibit B is a form letter used by CLC Consumer Services Co., as the initial letter it sends to a consumer concerning a debt.

20. Exhibit B stated that the line of credit was past due and that the "total amount of the debt as of the date of this letter is $18,726.73."

21. Exhibit B created the frightening impression that the line of credit had been accelerated. Plaintiff later ascertained that it had not been.

22. Exhibit B purports to contain a "notice of debt" as required by 15 U.S.C. §1692g. It was the only document defendant sent that purports to contain a "notice of debt."

23. The "notice of debt" fails to comply with 15 U.S.C. §1692g, and is misleading in violation of 15 U.S.C. §1692e, 1692e(2) and 1692e(10), in the following respects:

    a. It was sent on an unaccelerated debt but listed the amount of the debt as if it had been accelerated. A debt collector that is attempting to collect the past due portion of an unaccelerated debt should list as the "amount of the debt" is the past due portion, not the whole debt. *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838 (7th Cir. 2007). Alternatively, it can provide both numbers, stating what is necessary to bring the debt current.

    b. It mangles the statutory "notice of debt," stating that any dispute must be in writing.

    c. It states that if the debt is not disputed in writing, "the debt will be

assumed to be valid," without the qualification in the statute that it will be assumed to be valid by the debt collector.  *Hart v. FCI Lender Services, Inc.*, 797 F.3d 219 (2d Cir. 2015).

24. On or about October 24, 2016, defendant sent plaintiff the letter attached as Exhibit C.

### COUNT I – FDCPA – CLASS CLAIM

25. Plaintiff incorporates paragraphs 1-24.

26. Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692g by sending letters in the form of Exhibit B.

27. Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the**

> debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
> **(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
>
> **(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> **(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

28. Section 1692e provides:

    > **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
    >
    > **(2) The false representation of–**
    >
    > > **(A) the character, amount, or legal status of any debt; or**
    > >
    > > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
    >
    > **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29. As a result, plaintiff suffered informational injury, in that she was deprived of

accurate information, and provided inaccurate information about the exercise of her rights as required by the FDCPA.  Plaintiff was also aggravated and intimidated by the letter.

## CLASS ALLEGATIONS

30. Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

31. The class consists of (a) all individuals with addresses other than in Pennsylvania, New Jersey, Delaware and the Virgin Islands, (b) who were sent a document in the form represented by Exhibit B (c) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.  The subclass consists of class members whose debts were not accelerated as of the date Exhibit B was sent.

32. The class and subclass are so numerous that joinder of all members is not practicable. On information and belief, based on the use of form documents, there are over 40 members of the class and subclass.

33. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether Exhibit B violates the FDCPA.

34. Plaintiff's claims are typical of the claims of the class members.  All are based on the same common questions of law and fact.

35. Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

36. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

        i.      Statutory damages;

        ii.     Attorney's fees, litigation expenses and costs of suit;

        iii.    Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Adam S. Alexander
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI 48075
(248) 246-6353

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

        /s/ Daniel A. Edelman
        Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ Daniel A. Edelman
Daniel A. Edelman